UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division

HATTIE FREEMAN )
120 McCumber Drive )
Allenhurst, Georgia 31301, )
             )
    Plaintiff, )
             )
             )  Case Number: **AW 11 CV 2894**
v. )
             )
MARYLAND NATIONAL CAPITAL )
PARK & PLANNING COMMISSION )
6611 Kenilworth Avenue )
Riverdale, Maryland 20737 )
             )
and )
             )
RONNIE GATHERS, Individually, )
and in his Official Capacity )
6611 Kenilworth Avenue )
Riverdale, Maryland 20737, )
             )
    Defendant. )

## COMPLAINT

NOW COMES the plaintiff, Hattie Freeman, ("Plaintiff"), and files her Complaint for discrimination against Maryland National Capital Park & Planning Commission and states as follows:

### I. INTRODUCTION

1. The Plaintiff, Hattie Freeman, an African-American female, by her attorneys, Sharon Theodore-Lewis, and the law firm of Patrick Henry LLP, brings this action seeking damages against Defendant Maryland National Capital Park & Planning Commission ("Company") for committing violations of Title VII of The Civil Rights Act of 1964, 42 U.S.C.

1

§ 2000e, et seq., providing for relief against discrimination based on race, sex and retaliation, for violations of 42 U.S.C. § 1998, as amended and the Civil Rights Act of 1991, 42 U.S.C. §1981a, as amended; for violations of §703(m) and §704(a) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-3(a), and 42 U.S.C. §1981, as amended which prohibit sexual harassment, retaliation against an employee for pursuing her civil rights.

2. Plaintiff seeks compensatory and punitive damages and injunctive and declaratory relief to secure the protection of, and redress the deprivation of rights granted to her by the laws of the United States of America. She also seeks compensatory and punitive damages, attorneys' fees and costs for violations of rights secured under the Constitution of the United States of America.

## II. JURISDICTION

3. The jurisdiction of this Court over these parties and this action is invoked under 42 U.S.C. § 2000e, et seq., and 28 U.S.C. §§ 1331 and 1343 (4), this being an action authorized by law to redress the deprivation of a civil right.

## III. VENUE

4. Venue is proper with this Court because the defendant is located in this District.

## IV. PARTIES

5. Plaintiff, Hattie Freeman, an African-American female, is a citizen of the United States of America and of Georgia, residing at 120 McCumber Drive, Allenhurst, GA 31301.

6. Maryland National Capital Park & Planning Commission (MNCPPC") is a governmental entity created by Prince George's and Montgomery Counties to oversee parks an planning. At all relevant times, it was conducting business from offices located at 6611

2

7. At all relevant times, Ronnie Gathers was the Director of Parks and Recreation for MNCPPC.

8. At all times, the employees of Maryland National Capital Park & Planning Commission mentioned herein were acting within the scope of their employment, and Maryland National Capital Park & Planning Commission is responsible for the actions and conduct of those employees.

## V. ADMINISTRATIVE PROCEDURES

9. Plaintiff has exhausted all of her administrative procedures as mandated in Title VII. Plaintiff filed a timely claim with the Equal Employment Opportunity Commission ("EEOC"), and EEOC issued Plaintiff a right to sue letter, which was received by Plaintiff on July 11, 2011.

## VI. STATEMENT OF FACTS

10. The Plaintiff began her employment with Maryland National Capital Park & Planning Commission on January 12, 2009 as a Recreation/Enterprise Facility Management Technician.

11. At all times relevant to this action the Plaintiff was assigned to the Sports, Health and, Wellness Division of the Prince George's County Department of Parks and Recreation.

12. As a new employee appointed pursuant to the Merit System under Chapter 500 of the Merit System Rules and Regulations, the Plaintiff was hired as a probationary employee, with a probation period that terminated after 1 year of employment.

13. As required by the Merit System, the Plaintiff received an interim review of her performance after 6 months on July 6, 2009. Plaintiff was evaluated on eight performance

factors and received the highest score possible on each factor. Furthermore, all of her supervisors concluded that she consistently met their expectations with respect to the relevant performance factors and unanimously agreed that she fully achieved and may have exceeded most of the essential job functions and standards.

14. On or about January 21, 2010, the Plaintiff met with Steve Carter, a white male and Division Chief of the Defendant, and reported an incident of sexual harassment. The Plaintiff informed the Division Chief that Hugh Cottington, a white male and section supervisor, engaged in several unwelcome sexual advances that unreasonably interfered with the Plaintiff's work performance. The Plaintiff informed Mr. Carter that Mr. Cottington's actions created a hostile, offensive and, intimidating work environment. After the Plaintiff reported the incident, she did not receive any response.

15. Four days later on January 25, 2010, the Plaintiff was called into a meeting with Ronnie Gathers, Director; Chris Wagnon, Deputy Director; Steve Carter, and several human resources managers. Her direct supervisor, Annette LeHew, was not present at this meeting.

16. During the meeting, the Defendant handed the Plaintiff a letter of termination, stating that her performance had been poor, that she had been assisted, counseled and coached to improve and, failed to meet expectations. The Plaintiff was never informed that her performance was poor and was constantly told otherwise. At the time of the Plaintiff's termination, she was performing her up to her employer's expectations, and she should have never been placed on probation, but she should have become a permanent employee.

17. On February 1, 2010, the Plaintiff sent a letter responding to her letter of termination. Among other things, the Plaintiff stated that she never received any reports of poor performance from her supervisor. She also gave a report of the incident of sexual harassment and

4

18. Plaintiff's alleged poor performance evaluation along with her termination occurred only after she opposed a discriminatory activity in the work place. Her probationary period ended prior to her report of the incident on January 12, 2010. After she reported the incident, the Plaintiff was subsequently discharged on February 19, 2010. Hugh Cottington was never made the subject of any disciplinary action and continues to be employed by the Defendant.

19. The Plaintiff should never had been terminated based on her performance. According to the Merit System, Chapter 1010, both exceptional and deficient performance should be recognized promptly along with deficient performance. Furthermore, employees with deficient performance "should be informed on how corrective action can be achieved, as far in advance of the formal evaluation as possible." Also, "an employee who is not meeting the supervisor's expectations **shall** be given the opportunity to improve performance. Tools available to managers and employees include formal counseling/coaching and a structured Performance Improvement Plan, both designed to assist employees in improving performance". The Plaintiff was never informed on how corrective action could be taken, nor was she told promptly that her performance had been deficient. As such, the Plaintiff was never given an opportunity to improve her performance.

20. According to the Merit System, the Plaintiff is not eligible to appeal her termination as a probationary employee; however, Plaintiff should have had the right to appeal because her probationary period had already passed when she was informed of her termination. During her termination was the first time the Plaintiff was ever informed of any deficiencies. Even so, Plaintiff was never given an opportunity to correct these alleged deficiencies. Plaintiff's

5

so-called termination was in direct retaliation for the Plaintiff's report of sexual harassment by a Caucasian male.

21. Plaintiff was treated in a disparate fashion regarding being placed on probation, being terminated without being given a chance to correct alleged deficiencies; not being informed of alleged deficiencies; the manner in which her compliant of sexual harassment was investigated; the failure to investigate the complaint and discipline the harasser.

22. Plaintiff was never given any documents or other information concerning her poor performance, and the reasons the employer gave for the Plaintiff's alleged poor performance and for terminating the Plaintiff were pretextual.

23. The on-the-job conduct described above created a hostile work environment, both subjectively and objectively.

24. The conduct as described above was taken against the Plaintiff because of her sex, race and retaliation and altered the conditions of the Plaintiff's employment.

25. Maryland National Capital Park & Planning Commission is responsible for the acts and conduct of its employees mentioned herein.

26. As a result of the Defendant's unlawful acts, the Plaintiff has suffered loss of income, loss of fringe benefits and job security and other losses.

27. Also as a result of the Defendant's unlawful acts, the Plaintiff has suffered humiliation, embarrassment, mental and emotional distress and anguish, loss of self esteem and harm to personal and business reputation.

28. The aforesaid acts of the Defendant Maryland National Capital Park & Planning Commission and its employees were done maliciously, willfully and with reckless disregard of the Plaintiff's rights, meriting an award of punitive damages.

## VII. STATEMENT OF COUNTS

**COUNT I- RETALIATION IN VIOLATION OF TITLE VII**

29. Plaintiff re-pleads and re-alleges Paragraphs 1-28 above as if fully set forth and in addition states that the facts as alleged above constitute retaliation in violation of 42 U.S.C. §2000e-3 (a).

30. The Defendant retaliated against Plaintiff because she complained about sexual harassment.

31. Defendant unlawfully retaliated against Plaintiff because she opposed conduct which was made an unlawful practice by Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. § 2000e, et. seq., in violation of §703(m) and §704 of Title VII, including complaining about incidents of sexual harassment and working in a sexually and/or racially hostile work environment.

**COUNT II- RETALIATION IN VIOLATION OF 42 U.S.C. SECTIONS 2000d AND 5891, AS AMENDED**

32. Plaintiff re-pleads and re-alleges Paragraphs 1-31 above as if fully set forth, and, in addition, states that the facts as alleged above constitute discrimination, based on retaliation in in violation of 42 U.S.C. §2000d which prohibits, among other things, discrimination., on the basis of race by any program or activity which receives federal financial assistance.

33. Plaintiff also re-pleads and re-alleges Paragraphs 1-3q above as if fully set forth, and in addition, states that the facts as alleged above constitute discrimination, based on retaliation in violation of 42 U.S.C. §5891, as amended, which prohibits discrimination on the basis of sex by any program or activity which receives federal financial assistance.

COUNT III- DISPARATE DISCHARGE IN VIOLATION OF TITLE VII,
AND 42 U.S.C. SECTIONS 2000d AND 5891, AS AMENDED

34. Plaintiff re-pleads and re-alleges Paragraphs 1-33 above as if fully set forth, and, in addition, states that the facts as alleged above constitute disparate discharge based on race, gender and retaliation. At the time the Plaintiff was terminated, she was performing her job duties at a level that met her employer's legitimate expectations and her position remained open or was filled by a similarly qualified individual outside her protected.

35. The employer's reasons for terminating the Plaintiff were a pretext for discrimination.

36. Defendant has a nondiscrimination policy which states that no adverse action would be taken against employees who complain about discrimination.

37. Plaintiff, who was harassed by a white male and complained to her management, also a white male. The Plaintiff suffered an adverse action when she reported the incident of sexual harassment.

COUNT IV- DISPARATE TREATMENT IN VIOLATION OF TITLE VII
AND 42 U.S.C. SECTIONS 2000d AND 5891, AS AMENDED

38. Plaintiff re-pleads and re-alleges Paragraphs 1-37 above as if fully set forth, an in addition, states that the facts as alleged above constitute disparate treatment in violation of 42 U.S.C. 2000e, et seq., which prohibits discrimination on the basis of race and gender.

COUNT V- DISCRIMINATION IN VIOLATION OF 42 U.S.C. SECTION 1983
AGAINST MNCPPC FOR DAMAGES AND FOR PROSPECTIVE AND
DECLARATORY RELIEF, AND AGAINST RONNIE GATHERS IN HIS
OFFICIAL CAPACITY

39. Plaintiff re-pleads and re-alleges Paragraphs 1-38 above as if fully set forth, and in addition, states that the facts as alleged above constitutes a violation of 42 U.S. C. §1983,

which protects against deprivation of rights secured by 42 U.S.C. §1981, and §1981a, as amended, which provides equal protection of the laws and prohibits discrimination based on race, in the making and enforcement of contracts. Section 1983 also protects the Plaintiff's rights under 42 U.S.C. §§ 2000d and 5891 from discrimination on the basis of gender and race by programs or entities that receive federal assistance.

40. Mr. Gathers gave the Plaintiff poor performance evaluations, kept the Plaintiff on probation and terminated the Plaintiff even though the Plaintiff was performing well, and had passed her probationary period. Other individuals, not in Plaintiff's protected class, were evaluated properly, were made permanent after their probationary period had complaints of discrimination properly investigated. MNCPPC endorsed Mr. Gathers conduct and was responsible for his actions. As the employer, MNCPPC was responsible for terminating the Plaintiff, keeping her on probation and giving her false performance evaluations.

## COUNT VI- RACE AND RETALIATION DISCRIMINATION AGAINST RONNIE GATHERS FOR VIOLATION OF 42 U.S.C. § 1981

41. Plaintiff re-pleads and re-alleges Paragraphs 1-40 above as if fully set forth, and in addition, states that the facts as alleged above constitutes a violation of 42 U.S.C. §1981, and §1981a, as amended, which provides for equal protection of the laws and prohibits discrimination, based on race, in the making and enforcement of contracts.

42. Mr. Gathers gave the Plaintiff poor performance evaluations, kept the Plaintiff on probation and terminated the Plaintiff even though the Plaintiff was performing well, and had passed her probationary period. Other individuals, not in Plaintiff's protected class, were evaluated properly, were made permanent after their probationary period had complaints of discrimination properly investigated.

9

As the employer, MNCPPC was responsible for terminating the Plaintiff, beginning her probation and giving her false performance evaluations.

## COUNT VII- WRONGFUL OR ABUSIVE DISCHARGE

44. Plaintiff re-alleges paragraphs 1 through 43 of this Complaint and further states that action and conduct described above constitutes wrongful and abusive discharge in violation of Maryland common law.

45. Plaintiff further alleges that her discharge was without cause and in retaliation for Plaintiff's complaining about sexual discrimination and harassment. Plaintiff's discharge violated the public policy of the State of Maryland as expressed in Maryland Code, State Government, Title 20, Subsection 6, §§ 602, 606, as amended, prohibiting discrimination and retaliation.

### VIII.   PRAYER FOR RELIEF

46. Wherefore, Plaintiff prays for a judgment in her favor and against the Defendant, and that the following relief be awarded to the Plaintiff:

1) Issue a declaratory judgment that Defendant's acts, policies and practices complained of herein violated plaintiff's rights as secured by 42 U.S.C. §2000e et seq.

2) Issue a preliminary and permanent injunction prohibiting defendant, its agents and employees and those acting in concert with them from engaging in any other acts or practices shown to discriminate against the plaintiff and similarly situated individuals;

3) Front pay and back pay;

4) On Count I for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. as amended, compensatory damages in the amount of $300,000.

as amended, compensatory damages in the amount of $300,000 for violation of each statute.

6) On Count III for disparate discharge in violation of Title VII, 42 U.S.C. §§200d and 5891, as amended, compensatory damages in the amount of $300,000 for violation of each statute.

7) On Count IV for disparate treatment in violation of Title VII, 42 U.S.C. §§200d and 5891, as amended, compensatory damages in the amount of $300,000 for violation of each statute.

8) On County V for violations of 42 U.S.C. Section 1983 prospective and declaratory relief and compensatory damages under Section 1981 against MNCPPC in the amount of $500,000 and for violations of Sections 2000d and 5891 in the amount of $300,000 each.

10) On County VI for violations of 42 U.S.C. Section 1981 compensatory damages under Section 1981 in the amount of $300,000 and punitive damages in the amount of $500,000.

11) On Count VII for wrongful discharge compensatory in the amount of $300,000 and punitive damages in the amount of $500,000.

12) Attorney's fees and costs;

13) Grant such additional relief as the Court deems just and proper.

## JURY TRIAL

Plaintiff hereby demands a jury trial on each and every count.

Respectfully submitted,

HATTIE FREEMAN
By Counsel
PATRICK HENRY LLP

By: _____
Sharon Theodore-Lewis, Bar #13404
PATRICK HENRY LLP
9470 Annapolis Road
Suite 312
Lanham, Maryland 20706
(240) 296-3488-Telephone
(240) 296-3487-Facsimile
stlewis@patrickhenry.net

12